Plaintiff, appellee, instituted suits against the Pennsylvania Fire Insurance Company of Philadelphia, Pennsylvania, and the American Eagle Fire Insurance Company of New York, New York, to recover from each one-half of the amount of damages allegedly sustained by his stock of liquors from a windstorm, followed by rain, at or about the hour of 11:00 o'clock p.m., November 4, 1947.
After submission of proofs of loss by plaintiff, the defendants refused to pay the asserted loss and these suits followed.
The allegations of the petition in each case are identical. The cases were consolidated for trial below and only one note of evidence was taken. The damaged stock of liquors consisted of bottled goods in original packages or cardboard cartons, stored one upon the other, in a wareroom adjoining the building in which plaintiff operated a saloon, selling by the drink.
The petitions declare that at said hour and on said date, the windstorm was of such force that "part of the roof and walls covering the warehouse was blown or ripped off by the force of the wind, which was accompanied by a heavy rain, and rain was blown into said room on top of the stock of liquors, etc., through said opening." It is also alleged that over fifty cases of liquor were damaged from the rain to the extent of fifty per cent of their wholesale price. The specific character of damages to said stock of liquors, the basis of the suit, is set forth in Article seven of the petitions, which we quote, as follows: "That the damage consisted of (1) the labels of the brands of liquor etc. falling off the bottles, (2) the labels becoming badly spotted, (3) *Page 478 
the federal tax stamps falling off or being badly loosened so that it appears the stamps have been tampered with. That such damaged condition of said stock prevented petitioner from selling it by the drink, which was the business in which he was engaged and will prevent him from selling it by the bottle or by the drink in the future, for its undamaged value. In its damaged condition is not worth over 50% of undamaged value."
Defendants deny all of the material allegations of the petitions and each incorporated in its answer exceptions of no cause and no right of action.
There was judgment for plaintiff in each case for the amount for which he sued. The defendants appealed. They re-urge the exceptions here. They are based upon two propositions, deduced from the allegations of the petitions and evidence adduced on the trial, which are:
1. That plaintiff is engaged in selling liquor by the drink and this being true, the fact that labels identifying the brand of liquor in each bottle, were discolored and/or slipped from the bottles, and that some of the revenue stamps came off, did not prevent selling the liquor over the bar in drinks; that the quality of the liquor was to no extent affected by the mentioned outside conditions of the bottles; and,
2. If the condition of the labels and stamps should prevent plaintiff, in the future, from selling the liquors by the bottle, the measure of damages and loss from the windstorm would be the cost of the replacing of such labels and stamps.
We are of the opinion that the exception of no cause of action is well founded.
We shall pretermit a decision of the highly controverted question whether the alleged damage to the liquors was the result of a windstorm. It is unnecessary, in view of our present appreciation of the situation, to definitely pass upon this question. But, for the purpose of passing on the exception, arguendo, it may be admitted that the damage was caused by the alleged windstorm.
Whether plaintiff should sell the liquors involved in these suits by the drink, by the bottle or by the carton, the measure and the method of determining the extent of damage adopted by him are not correct ones. The provisions of the policies of insurance clearly cover a case of this character. It is said in each policy that the insurer "does insure B. R. Coleman * * * to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss * * *".
Under this clause of the policies the measure of the insurer's liability is the cost of repairing the damage done to the property, and, admittedly, the slipping and/or discoloring of the labels and the falling from the bottles of the federal tax stamps constitute all the damage that has occurred. When these elements of damages have been repaired, the status quo ante will be restored. Testimony in the record discloses that new labels for liquor bottles may easily be gotten from the company distilling the same or the wholesaler thereof, and that it is not difficult to adjust with the proper governmental agency the matter of loss of or damage to revenue stamps, so that the cost of new ones may be avoided. Of course, any reasonable amount expended in accomplishing these repairs would be a legitimate charge against the insurer, beyond which, as we have heretofore stated, the insurer may not be held liable under the policy.
For the reasons herein assigned, the judgments from which appealed are reversed, annulled and set aside; and there is now judgment in favor of the defendants, Pennsylvania Fire Insurance Company of Philadelphia, Pennsylvania, and American Eagle Fire Insurance Company of New York, New York, and against the plaintiff, sustaining the exception of no cause of action in each case and dismissing the suits as of non-suit. The exception of no right of action in each case is overruled. Plaintiff is cast for all costs of court. *Page 479